Our next case today, number 232011, Rinaldo Cruz v. United Independientes Autenticas Empleados de la Autoridad de Acueductos y Alcantarillados, UIA, et al., or in English, UIA, et al. Good morning, and may it please the Court. I'm Matthew B. Gilliam, here on behalf of Plaintiff Appellant Rinaldo Cruz. May I reserve three minutes for rebuttal, Your Honor? Okay, thank you. This case demonstrates what happens when a civil rights defendant misuses a Federal Rule 67 deposit to circumvent Rule 68's offer of judgment requirement that it accept entry of judgment to end the case. Federal Rule 67 was designed for interpleader actions in allowing a party to submit a contested fund into the court's position while the parties continue fighting over entitlement to those funds. Everyone agrees that this was not such a case. The District Court Everyone agreed that Mr. Cruz was the rightful owner of the money, but not everyone agreed as to who should be responsible for paying him that money. Isn't that correct? That's correct, Your Honor, and that's why there was no dispute over entitlement to the contested fund that UIA sought to deposit. The cross-claim only represents a dispute over who must pay. It's not a dispute to entitlement, which is what this Court requires in order to make a lawful deposit under Rule 67. But even that dispute, that cross-claim, totally dissipated once UIA moved to tender that money with the Court. So there was no dispute. But once that dissipated, why didn't the plaintiff seek to just get the money? Well, so the problem here is I perfectly understand if this is about attorney's fees, but if this is about something other than attorney's fees, I'm not following why this is even here. Well, yes, you're right, Your Honor. This is about attorney's fees. It's also about the proper application of the federal rules. But it's also about Mr. Cruz's ability to obtain monetary relief. To go back to the first point, I think Including attorney's fees Right, right. And I think to your first point, Your Honor Put aside the attorney's fees for a second. I thought you were arguing even independent of the attorney's fees, it's not moot. That's right. It's not moot. And why would that be, since all you have to do is take the money? Yeah, so that's the problem. Mr. Cruz can't just take the money.  Because the, so first of all, for the deposit to be valid Didn't the district court say he could? The district court said it is there for his asking. So several points to Your Honor's questions. Why didn't he ask? So why didn't he just ask? So he has asked. He asked twice. He asked pursuant to his Rule 56 motion for summary judgment But he posts the district court saying that. Why hasn't he asked? He filed a Rule 59 motion that prompted the district court to say that, but And then why after that was said has he not asked for the money? Because as the Seventh Circuit pointed out in Fulton Dental, the court divested itself of jurisdiction once it declined his Rule 59 motion. Again, the point is the money I'm sorry, if the court went, you know, wink, wink, nod, nod, give him the money, would you be appealing? Well, no, well yes, Your Honor, because there's no judgment for Mr. Cruz entitling him to obtain the money. Yes, the judgment would be the district court having given it to him. No, the district court did not award Mr. Cruz a judgment for monetary relief. It dismissed the case as moot. But he will get the money. No, Your Honor, our point is that Mr. Cruz cannot lawfully take the money. It's the same problem Under the district court's ruling or under your view of what the district court should have ruled? Under the district court's ruling, because How can that, the district court says it's there for the taking. Yes, but that's not proper under this court's precedent But that's a challenge to whether the district court erred. But can't we just construe the judgment as saying, suppose we said this I construe or we construe the district court to have ordered that the money can be taken. Is there anything less of the case? Well, he can't take the money No, we say that. We say he can. You still object? Your Honor, I respectfully would because I would say that it's contrary to this court's precedent in Alstom Caribe and then it's also Is that because of your view of Rule 67 and all of that and the deposit or something else? That is as a result of But if we just said at the time, what we do is we construe the district court to have said you can take the money. We're not saying the district court was right to have said that. We just said that's what he said. At that moment, why is it not moving? You don't have a right to appeal. I can understand why you would appeal to get clarification. Is that true? That's what the district court said. We're telling you, yes, that's what the district court said. You want to appeal that ruling? Well, so the district court stated in its opinion on the Rule 59 motion that it's there for his asking. But that And if we issue an opinion saying he meant what he said, it's yours. But that would He meant what he said. He was giving it to you. We're not saying he was right to do it or anything. Isn't it moot at that point? Well, if it's moot, it's an appealable mootness because it would be in violation of this court's precedent. You have no interest in that. You want the money. Well, no. How are you aggrieved? I mean, if we say give him the money, we construed the district court saying give him the money. How do you continue to be aggrieved by that? Your Honor, we're aggrieved because we cannot lawfully obtain the money. We just told you you can. You can go to the Supreme Court, but I'm not sure why you would want to do that. They might tell you the same thing. Well, Your Honor, I think it goes back to the problem and the error under Rule 67 with the court making the deposit. And if that error meant you couldn't get the money, you would have a great reason to be here. But it just happens that the district court, unfortunately for you, wants you to have the money. So we're puzzled why you're appealing. Well, there are two things. One is we don't believe that we can lawfully obtain the money under this court's opinion. And if everybody keeps telling you, yes, you can, at what point do you say, okay, we'll take it? Well, Your Honor, I mean, again, I think that we're concerned that that would violate 28 U.S.C., 2041, and 2042, and Rule 67, all of the principles established.  Then you can seek to impeach us. What else? Well, Your Honor, there's another important point here is that basically UIA's actions here create a road map for civil rights defendants to violate civil rights plaintiffs' rights and evade attorney's fees in any number of cases. Well, that's for a future moment. Well, it's for this case here. But you don't even give us substantial argument on that. That's the one point that I can sort of wrap my brain around. But you don't really give us a lot of argument on why it circumvents the request for attorney's fees. Well, Your Honor, we do. In our opening brief, we talked extensively about how the lower court recognized that what the UIA's motion would do was moot the case. And then UIA, they told us that that's what they were trying to do. They were trying to moot the case and avoid any liability for attorney's fees after this eight-year litigation. Did you make any effort to somehow seek attorney's fees before the district court? No, Your Honor, because we weren't a prevailing party. We didn't have a judgment entered on our behalf. So we couldn't lawfully seek attorney's fees. If you argued that you were a prevailing party because they disclaimed any interest in the money, put it in the court's account, said that there's no issue about who's entitled to the money, I mean, you could have at least argued that that would make you the prevailing party. Plus, Janice backs you up on that, which is why they gave in in the first place. Well, Your Honor, under the Supreme Court's decision in Buckhannon, without any kind of judgment. But that's if we construe it on appeal as the district court by saying you can take it, is effectively a judgment blessing, you can take it, then that would support you being able to go back to district court and ask for attorney's fees. Then maybe I misunderstood Your Honor's point earlier. If it is construed as a judgment in favor of our client, Mr. Cruz. To take the money. Yes, if it is a judgment. Which is different than, I know you want a judgment about the Janice issue, right? Well, we want a judgment so that Mr. Cruz is entitled to take the money. Or we say that the district court is saying you're entitled to take the money for a reason that does not require, the district court ruled this. It seemed to think that you could take the money even without getting the judgment on the merits that you want. It did. You think that was wrong. Yes. And then if we said to you whether wrong or right, that's what he said. So at that point the case was moot. It's not at all evident to me that that means with that set of rulings in your favor resulting in you getting the money, you can't get attorney's fees as a prevailing party. Is it clear to you you couldn't? Well, Your Honor, I would have concerns about whether that constitutes a judgment on the merits of his claims under Buchanan. That would be my concern. That sort of seems like a confession of judgment. The equivalent of. Well, you know, it at least creates enough ambiguity that we might be here again on whether that's a suggestion. No, but that has not been your argument to us in any developed fashion as to why this is not moot. Well, we did argue that he was denied both his monetary relief, that he can't get it under the rules, under the First Circuit's precedent. But you didn't say that was because we wouldn't be a prevailing party under Buchanan, any of that stuff. None of that's in your brief. We did in our response to UIA's brief, in our reply, say that we're not prevailing parties at this stage. Generally, treatment is waived if you don't raise that primary issue in your primary opening brief. Well, Your Honor, we didn't think it was an issue because we weren't a prevailing party to begin with, because we didn't get judgment on the merits. But the argument you did make opened up this whole thing that we've been pressing you on, which is we didn't fully understand why you wouldn't be able to just take the money and run, so to speak. And then you now are saying, oh, well, because of Buchanan, and then that raises it. But that's not any of what you argued on as the appellant as the ground for it not being moot. In our opening brief, we did argue that no civil rights defendant should be able to wriggle out of attorney's fees by misusing the federal rules as they did. We quoted the Third Circuit case in Lutter, which in turn quoted Justice Alito's opinion in the New York pistol and rifle case. That was in our opening brief, so we did it. You didn't make that argument below. Well, it was briefed below, and we did make that argument below in our Rule 59 reply. But not a motion for counsel fees. No, we did not make a motion. You can still, if we were to send the case back with whatever instruction, you can still under the local district Puerto Rico rule, you have time to file the attorney fees petition still, correct? We could, but, again, without a judgment on the merits of the case. Let's assume we remand or we send the case back and it's a one-liner simply saying, you know, case is returned to the district court, you know, plaintiff is entitled to his money. Isn't that sufficient? Well, I think it would be if it's directing the district court to enter judgment on the merits for Mr. Cruz. What if our order simply says Mr. Cruz is entitled to payment? Again, you can request at any time the clerk of court to disperse the money. That wouldn't be sufficient for you? No, Your Honor, I think that evades the attorney's fees. You're not really quite saying that. What you're saying is it would depend on how we read prevailing party in this context for attorney's fees. That you're acknowledging, that could be a reason why it's not moot for reasons that have nothing to do with the judgment on liability. Well, Your Honor, maybe I misunderstand the question, but I think that the courts have rejected the catalyst theory and that an actual judgment is required for the entry of attorney's fees. I just, I mean, if the mootness issue hinges on this question and we've just got no briefing on it, you're the appellant. I'm just sort of lost as to whose burden is not being satisfied here. Did you see the, I mean, you're appealing from the judgment and you're saying it's not moot, right? Right. The reason you said it's not moot is not a developed argument along any of these lines. Well, yes, the reason we said it's moot. You have a different argument for why it's not moot, which for the reasons we've asked you, there's reason to be, I think, at least skeptical of, not saying how it will come out. But then you say, well, but in any event, regardless of that, it's clearly not moot because of this attorney's fees point, none of which has been developed in any fashion for us. Well, we don't say that the attorney's fees is the reason for. . . Well, then are you saying then we can just, the only reason it's moot, having nothing to do with attorney's fees, is because you can't get the money without the judgment? That's right, and he doesn't. But then we have, we've got our questions for you. How does that make sense if we construe the district court as having said that's not true, you can get the money? I don't know if this is. . . Because you then have an order saying you can get the money, that you have no reason to appeal if all you want is the money. But to be able to get the money under that order, I think you'd have to argue the catalyst theory, which the courts have rejected. I think that you need a judgment. The money you're now talking about is the attorney's fees? No, the money I'm talking about is the monetary. . . All you have to do is just read the order from the district court, who said it's yours for the taking. Right. That may be an order that he was long to issue, but it's in your favor, so what's the problem? It's in our favor, but it's not a judgment on the merits that would entitle him to attorney's fees. But now you're back to attorney's fees. And that's what I'm saying. You didn't develop that argument as your ground for it not being moot. Right. We said that our basis for mootness was the fact that he has no actual monetary. . . There are two reasons why it's not moot. One, he could have received the actual relief, as this court has held in the Basia-Yakov decision. The Supreme Court has held in Knox and Ellis. The Second Circuit we quoted in Geisman. So he's not actually received monetary relief because the Rule 67 court registry is not an account payable to plaintiffs. It's not an account in his name, so he doesn't have any entitlement to that money under all the court precedent. So it's not moot under that basis. And also, the only other basis for mooting it would have been to enter a judgment on the merits for Mr. Cruz, which is also missing. So those are our two bases for mootness. Not receiving attorney's fees is not a basis for mootness. It's just another way in which Mr. Cruz was harmed. Thank you. Thank you, counsel. Well, counsel for Apoly, please come up and introduce yourself on the record. Good morning to all the members of this court. This is Attorney Jose Enrico Valenzuela Alvarado representing OIA. Good morning. May I proceed? Well, basically I only have four minutes, so I will be very brief. I would like to point out first that this case has turned moot not because of the deposit necessarily by the OAT Union, but because of the decision rendered by the United States Supreme Court in Janus, specifically in June 2018. Well, this case was pending. This decision was issued by the U.S. Supreme Court, and precisely what we did Well, why wouldn't they? I mean, once Janus was issued, I mean, you essentially confessed to judgment, although there was disagreement as to who was to pay. But why wouldn't he be considered the prevailing party just based upon the law of the case? That's precisely the main issue here, because we thought that since the beginning where we were going to argue this case, it was going to be as to the prevailing party's situation and to attorney fees. But despite of that, a parent opted to argue that he cannot withdraw the money that was deposited pursuant to the decision of Janus, which So are you willing to concede that he is legally the prevailing party? Not, Your Honor, because that's not the correct process that he argued before the district court. Instead of arguing that, opted to file a situation stating that he cannot withdraw the money pursuant to Rule 67 and 68, arguing specifically that the case of Campbell provides that situation. But in those cases that he quotes during all the entire brief, and also after my research, I cannot even find one single case that has to do with this situation with only one plaintiff. The Rule 67 situation that he argues very extensively has to do with class actions. Are you saying that he proceeded on the wrong theory? Wrong theory, wrong process, and wrong arguments, since also right after the Janus decision was rendered, the Secretary of Justice issued a memorandum that applies also to the Department of Labor, directing specifically to these agencies and to all the government to apply Janus as it was decided by the United States Supreme Court. But in fact, there is an attorney's fees question, right? No. Whether he'll get them or not. Are you saying he's waived the right to attorney's fees? Yes, Your Honor. We extensively argue that in our briefs, specifically throughout the end of the brief, there was no one single quote or specific case law cited during the briefings in the district court, neither in this case before us. Also, the attorney's fees are a term to be filed within the district court. So in the event that this court decides that he's a prevailing party, how can that be returned to the district court if it was never interrupted the term to do so? So if the plaintiff waived his argument since the beginning, it's going to be too very long shot to understand if he can do that right after now. You're thinking the only way he can get attorney's fees at this point is if we say the district court erred and should have granted his motion for summary judgment based upon Janus. Then he would clearly be the prevailing party. I cannot predict that because I cannot get into the mind of the judge, but Janus is the one that decided, not a summary judgment. Are you saying that even in that event, the request for attorney's fees would be waived? Yes, Your Honor. That's what I think you do sound like. You're saying the way this case came to us and the way they've argued it, they've just lost their chance to get attorney's fees. That's precisely the main bad decision that was taken by Plaintiff's attorney, even in the district court or also in the briefs before this first circuit. Because basically we are not arguing if he was a prevailing party either because summary judgments from both parties on the cross motions, they never underline the decision because Janus went into it. Let me ask you one last question. Yes. Is your mootness argument, you're arguing it's moot? It's moot because of Janus. Is your mootness argument dependent or takes as a premise that they've waived the request for attorney's fees? Both, yes. Anything further, Your Honor? Any other questions? Just one thing. Janus made them correct on the law. Janus provides a decision that the executive branch is the one to execute laws within our constitutional system. So if one decision from the judicial power, in this case the U.S. Supreme Court, said that this is going to be applied, the executive branch has the obligation to apply and to execute that order from that judicial forum. So that's what happened here. That's why the Secretary of Justice issued an order. But in a pending suit, Janus made their case on the merits correct. Yes, but they waived the argument to be a prevailing party. So we cannot disagree or agree with Janus. Unless we say that the court should have granted their summary judgment motion. Because of Janus? Yes. That was not what the court order said from the U.S. district judge. The court says that it was decided upon the decision of Janus. And then the case turned smooth because that's why we are here now. Because of the decision that we thought that the plaintiff was going to be asking for attorney's fees, but he also waived the argument. Any other questions, Janus? Thank you. Thank you, counsel. Attorney for Appalee, Puerto Rico Aqueduct and Sewer Authority, you have a three-minute argument. May it please the Court, Attorney Alberto Tavares-Maldonado for the Puerto Rico Aqueduct and Sewer Authority. I think here the issue in regards to the contested funds and the prevailing party issue and everything misses the point. Here I don't think it was specifically briefed and argued. I do agree with the Court's opinion on that, or at least the line of questioning that was provided during Brother Counsel's argument. But interestingly is the fact that here the case, contrary to what Plaintiff Appaline's argument was, that it was the Rule 67 that became the case. We do echo the fact that the decision of the district court was very clear that it was firstly because of Janus, and that resolved the declaratory judgment. And the injunctive relief was technically waived because of the actions of the union and the authority as to the opinion issued by the DOJ and the Puerto Rico Department of Labor. So we stopped withholding union dues. And as to that point, we agree with the fact that here the entire appeal is based on an incorrect premise that that was the sole reason that the Rule 67 deposit was the sole reason for the mootness of the claim when it really wasn't. But aside from that point as is. As to the back payments, though? No, not as to the back payment. Right. So, I mean, Janus. Once you stop withholding, once the withholding stops, there's no need for any forward-going relief. They want the back payments, right? That's what they requested, yes. Yeah, and Janus doesn't answer. Just the determination by the Supreme Court in Janus doesn't itself moot anything. They still have to get a judgment that will enable them to get access to the funds they want. As I understood it, what the district court said is, I don't have to rule ultimately on the merits of that question because the money's been deposited because after Janus you chose to deposit the money. And then they said, but you can't do it that way. That's not a right place to put it. That doesn't do anything. And then unlike in Valles-Llaco and these other cases, rather than just sitting there, the district court ultimately said, and you can have it. And we agree with that. We believe that the fact of the case is that everything that happened led to the mootness of the case, and the money is, in fact, there for his asking. There has been all the anything that has been is the inaction of the plaintiff, and that's why we're here. We agree that he could have requested it, but he didn't. And with respect to attorney's fees, do you think that was waived, or is that just not your interest? Yeah, I believe the fact that it is our position that that was not argued before this case, and specifically to that point on the brief merits is that that has been resolved by the Supreme Court, that an interest in attorney fees is insufficient to create a case in controversy under Article III, given the fact that the underlying claims have already been resolved. Thank you. Thank you, Counsel. Attorney for Gonzalez-Colón, you have a three-minute argument. May it please the Court? Attorney Francisco Gonzalez-Magas, representing the governor of Puerto Rico. To be honest, I don't think there's very little to add from my point of view. The government has always stated that we have no objection to the plaintiff having access to the money that's being deposited. As to the mootness, which we believe is the cause of the appeal, we stand with fellow appellees in the point that we believe the mootness is based on the Janus finding and not necessarily on the filing of the Rule 67 funds. When the Janus finding came down, the government of Puerto Rico issued its interpretations. That only speaks to the going forward. When you stop withholding in response to Janus, that moots the going forward relief. Well, we believe it moots the entire case because it settles the controversy in the case and there's no longer a case or controversy. How do they get the money that they think was improperly withheld? How do they get that money? Don't they need a judgment? I believe the district court has already stated that the money is there for their taking. They can request it. That's because of the Rule 67. That's not because of Janus. But the Rule 67 would never have happened if Janus hadn't come down. And I think it's a bit of an issue of the chicken and the egg here. Without the Rule 67 thing happening, in the absence of a judgment by the district court that you owe the money based on Janus, that you're owed the money based on Janus, then they wouldn't have gotten the judgment that they would need. The thing that's mooting it now, as far as I can tell, the only thing is the district court's ultimate determination that the money is yours for the taking. And that determination wouldn't have happened without the Rule 67 filing? Whatever wouldn't have. That's the thing that's mooting it. But I don't think you can just divide the issues here. Don't you need, like, a judgment just to close a case? Because this is a case that there's no judgment. I mean, there is a judgment in this case. And the judgment in the case found the case to be moot. And the basis for finding the case moot was the Supreme Court's decision in Janus and interpretations of it. That's not what it said. He said the reason it's moot is because the money is there for your taking in the Rule 67. Well, Your Honor, if I may, if you look at the opinion and order on page 36, it states, in all the cases moot, and then goes on to cite different cases where different circuits have already found the cases to be moot based on the government's or the defendant's reaction to Janus. Which may include... Reaction to Janus on the going forward basis. Yes. But those... What about the past payments? What is mooting that? The past payment meaning what has already, the Rule 67 filing here. Things that were deducted. The refunds. Shouldn't there be an amended judgment saying the case has become moot, but as to the amount that is owed, the court hereby orders that it be, it's been deposited, the court hereby orders that it be paid or something like that. Our position, in our brief, we state that we have no objection to a determination by this court saying that, you know, they have access to the money and they just, you know, correct whatever mechanical process was not achieved. But you have no objection that we simply order a one-liner, correct the judgment to say, judgment also includes entitlement to that amount as conceded by the government, and that's part of the judgment. You have no promise of that. I have no problem with that, Your Honor, but that is not to say that, I'm not entering into the issues of attorney's fees or prevailing parties. No, that would be a. . . Limiting my position to whether they would have claim to the money. We have no objection to this court granting them access to the money right now. Am I, Mr. Sessing? Excuse me? I thought the Rule 59E ruling says that already. I believe so, too. Okay. I don't, and that's one of the things I've never been very clear as to why he hasn't gotten the money yet, Your Honor. Okay. Thank you. But should we also construe it to say that they have a judgment for that amount? Well, there we would have a problem, Your Honor, because I don't believe that just having access to that money means that they are prevailing party under the applicable definitions of prevailing party. But at least they should have a judgment saying they're entitled to the money which has been deposited in the court, and that's a judgment, and they would then have to raise the issue of attorney's fees. Up until that point, we have no objection, Your Honor. Can I just ask, is the Rule 59E ruling, was that not reduced to a judgment? It may have, Your Honor, but the thing is it doesn't necessarily give the plaintiffs prevailing party status. I'm not asking about prevailing party. I'm asking. I believe it could have been. I thought it was reduced to a judgment. I mean, I believe so, too. And, again, it's never been very clear to me why the plaintiffs have not asked for the money at the district level. Because they have a judgment saying they can get it, which is that judgment based on the Rule 59. They just think it was illegal to have issued it, which is puzzling since it was in their favor. In my mind as a litigator, I request something and I argue it, and if I'm denied, then I come up to the First Circuit. So I've never been very clear as to why that hasn't happened in this case. And we will have no objection to the plaintiff having access to the refunds that have already been deposited before the court. But more than that, I don't have a – Okay. Thank you. Thank you, Counsel. Attorney Gilliam, please reintroduce yourself on the record. You have a three-minute rebuttal. Matthew Gilliam for Plaintiff Appellant Rinaldo Cruz. This court in Alstom-Caribbe explained why this exercise of correcting the district court's Rule 67 errors and shortcuts is not just a practice in, quote, unquote, mindless formalism. And it vacated a wrongful deposit in that case. Okay. So if what I asked opposing counsel just right now, if we were to issue a one-liner to the district court, amend the judgment so that includes that the amounts deposited will be paid to the plaintiff, you would be happy with that? Yes. If judgment was entered for the plaintiff for those amounts, then yes, that's what we're seeking. That's what we're saying would resolve the Rule 67 issue. But – What does it mean when you say judgment was entered for the plaintiff? Right now, is there a judgment following the Rule 59e ruling? Yes. There's a judgment that, well, it's not a separate judgment, but they dismiss it. And then we – all of the reasoning is part of that judgment. And if we construed that judgment to say the money was in that judgment determined to be yours for the taking, would you have a problem with us saying that? If judgment is entered for Rinaldo – I'm just telling you what we – the judgment that was entered, if we issued a ruling saying the judgment that was entered said the money was yours whenever you asked for it, and that is what the district court ruled, and that was the basis for a mootness ruling, and in consequence it's moot, what would be wrong with us saying that? I don't know that that's really a judgment in plaintiff's favor. Okay. So now you're saying it – but that's not – that goes only to the prevailing party point, correct? Yes, and to the ability of the court to disperse the money. No, because we would say that the order has said that you can get the money. And that just under that order, the district court would give you the money. You might think, gee, I'm shocked he's doing that, but that's what the order and the judgment said. There's nothing wrong with that. Yeah, I understand, Your Honor, and I – So I think what it really comes down to why you don't like that is because it bears on the prevailing party point. Yes, and I think that it's inconsistent with this court's precedent in the federal rules. Great. But the thing that hurts you, as opposed to an abstract interest in the law, is the prevailing party point, correct? Yes. Okay. And so what do you have to say about why that's not waived? It's not waived because there was no judgment that entitled Mr. Cruz to even seek attorney's fees at that point. If this court takes that action – But you didn't make that specific argument below. Well, we did make our argument in response, in reply to the union raising that the attorney's fees issue is moot, that no, it can't – we can't have waived that issue because it was never – You could have filed a motion for attorney's fees. The judge could have denied it and saying there's no judgment for, you know, which would allow you to, but that never happened before. No, but we had no entitlement at all. Would you have a problem if we remanded it for the district court to consider the mootness issue in light of whatever arguments parties may wish to make about attorney's fees and how they may bear on mootness? Well, I think that – Yes and no. Would you have a problem with us doing that? No, Your Honor. I don't think so. It may depend on the specific – And we can retain jurisdiction. Right. Or what if the remand order would be, again, one-liner, as conceded by the plaintiffs – I mean by the defendants, plaintiffs are entitled to the amounts deposited, judgment are accordingly. You're okay with that also? Yes. If judgment is entered for Mr. Cruz, we are okay with that. That's different than saying judgment is entered to dismiss the case as moot. That's the key point. I agree, and that's what we're trying to do. When you answer, Judge Helpe, you're really saying no. Yeah. Yeah, okay. Yeah. Thank you. But the issue of prevailing parties and attorney's fees is really for the district court to resolve in the first instance if judgment is entered for Mr. Cruz. Thank you. Thank you, counsel. That concludes arguments in this case.